NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH J. BOLDMAN, et al., | Civ. No. 16-0004 |
| Plaintiffs, | **OPINION** |
| v. | |
| WAL-MART STORES, INC., et al., | |
| Defendants. | |

THOMPSON, U.S.D.J.

This matter comes before the Court upon Defendants Wal-Mart Stores, Inc., Wal-Mart Stores, East, LP, and Wal-Mart Stores, East, Inc.'s (collectively "Wal-Mart" or "Defendants") Motion to Dismiss the Complaint of Plaintiffs Joseph and Laura Boldman ("Plaintiffs").  (ECF No. 5).  Defendants move to dismiss the Complaint on the basis of Federal Rules of Civil Procedure 8(a) and 12(b)(6).  (*Id.*).  Plaintiffs oppose.  (ECF No. 9).  The Court has issued the Opinion below based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons stated herein, Defendants' Motion to Dismiss will be granted, and the Complaint will be dismissed without prejudice.

BACKGROUND

Plaintiffs Joseph and Laura Boldman's allegations are as follows: on January 1, 2014, the Boldmans were visiting Mr. Boldman's grandparents in Aberdeen Township, New Jersey.  The family planned to enjoy a New Year's Day campfire, and so Mr. Boldman attempted to start a fire using a five-gallon portable gasoline can.  Suddenly, the gasoline can exploded, injuring Mr. Boldman.  As a result of the accident, Mr. Boldman suffered third-degree burns to approximately forty percent of his body, resulting in extensive skin graft operations, prolonged hospitalization,

rehabilitation, disfigurement, physical pain, loss of sensation, emotional suffering, and substantial medical expenses and economic losses. Mrs. Boldman observed the accident and has suffered emotional distress, loss of consortium, and loss of enjoyment of life.

The gasoline can was manufactured by Blitz, U.S.A. Inc., a now-defunct company that has no attachable assets and has been adjudicated bankrupt. However, the gasoline canister was sold to Mr. Boldman's grandfather by Wal-Mart at an unspecified prior date. Plaintiffs have therefore brought product liability claims against Wal-Mart as the seller of the can, on the theories of strict liability and negligence. Plaintiffs allege failure to warn and design defects under the New Jersey Products Liability Act and the common law. Plaintiffs assert that the device was not safe because it did not have a safety device known as a flame arrestor. Plaintiffs also assert that Wal-Mart knew that these gasoline cans had the propensity to explode, but rejected proposed design changes and neglected to add safety warnings in order to maximize profits.

On November 17, 2015, Plaintiffs filed their product liability action against Wal-Mart in the Superior Court of New Jersey. The Complaint and Summons were served on December 8, 2015. On January 4, 2016, Defendants removed the case to federal court. Then, on January 11, 2016, Defendants filed their Motion to Dismiss the Complaint. This Motion is presently before the Court.

## DISCUSSION

A. Legal Standards

  i. *Federal Rule of Civil Procedure 8(a)*

The adequacy of pleadings is governed by Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the

pleader is entitled to relief." This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief"). Even though a plaintiff is not required to plead his claims with intricate detail, Rule 8 requires the plaintiff to provide "some specificity." *Hunter Roberts Const. Grp., LLC v. J. Rihl, Inc.*, No. 12-7751, 2013 WL 3445331, at *3 (D.N.J. July 9, 2013) (citing *Twombly,* 550 U.S. at 558).

    *ii. Federal Rule of Civil Procedure 12(b)(6)*

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court may disregard any conclusory legal allegations. *Id.* Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). Such a claim requires more than mere allegation of an entitlement to relief or demonstration of the "mere possibility of misconduct;" instead, the facts must allow a court to

reasonably infer "that the defendant is liable for the misconduct alleged." *Id.* at 210, 211 (quoting *Iqbal*, 556 U.S. at 678-79).

B. Analysis

Defendants provide two justifications for their Motion to Dismiss. First, Defendants argue that Plaintiffs' common-law negligence claims are subsumed by the New Jersey Products Liability Act ("PLA"). Second, Defendants argue that Plaintiffs fail to state a claim under the PLA, either for a design defect or failure to warn.

As to Defendants' first argument, the Court agrees that Plaintiffs' negligence claims are subsumed by the PLA. In New Jersey, "any claim or action brought by a claimant for harm caused by a product, irrespective of the theory underlying the claim, except actions for harm caused by breach of an express warranty" is subsumed by the PLA. N.J. Stat. Ann. § 2A:58C-1(b)(3); *In re Lead Paint Litigation,* 924 A.2d 484, 503 (N.J. 2007) (noting that "the PLA is both expansive and inclusive, encompassing virtually all possible causes of action relating to harms caused by consumer and other products"). The PLA provides:

> A manufacturer or seller of a product shall be liable in a product liability action only if the claimant proves by a preponderance of the evidence that the product causing the harm was not reasonably fit, suitable or safe for its intended purpose because it: a. deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or b. failed to contain adequate warnings or instructions, or c. was designed in a defective manner.

N.J. Stat. Ann. § 2A:58C-2. The New Jersey Legislature enacted the PLA to establish clear rules with respect to actions for damages for harm caused by products. N.J. Stat. Ann. § 2A:58C-1(a). Therefore, if a claim falls within the scope of the PLA, that claim may only be pursued under the Act. *See Green v. Gen. Motors Corp.*, 709 A.2d 205, 209 (N.J. Super. Ct. App. Div. 1998) ("Under the [PLA] . . . the causes of action for negligence, strict liability and implied warranty

have been consolidated into a single product liability cause of action, the essence of which is strict liability.").

To determine whether the PLA subsumes a particular claim, "courts examine the essential nature of the claim presented and decide whether the claim would traditionally be considered a products claim." *Rodnite v. Hovnanian Enters., Inc.,* No. 08-3787, 2010 WL 3079576, at *3 (D.N.J. Aug. 5, 2010). Since the passage of the PLA, New Jersey courts have repeatedly held that a claim of negligent manufacture is no longer viable as a separate cause of action for harm caused by a product. *See, e.g.*, *Port Auth. of N.Y. & N.J. v. Arcadian Corp.,* 189 F.3d 305, 313 (3d Cir. 1999) ("Under New Jersey law negligence is no longer viable as a separate claim for harm caused by a product."); *Brown ex rel. Estate of Brown v. Philip Morris Inc.,* 228 F.Supp.2d 506, 516 (D.N.J. 2002) ("Because the [PLA] generally subsumes common-law product liability claims, the Third Circuit, the New Jersey District Court, and New Jersey State courts consistently have dismissed product liability claims based on common-law theories when those theories allege harm caused by a product.") (internal citations removed).

In this case, Plaintiffs allege that Defendant negligently and recklessly controlled the design and manufacture of the Blitz gasoline cans, and failed to provide adequate warnings. These claims fall squarely within the definition of a products action provided by the PLA because they involve "harm caused by a product" and do not involve a claim of breach of an express warranty. *See* N.J. Stat. Ann. § 2A:58C-1(b)(3) (definition of "products liability action"). Nor do Plaintiffs allege any other theories of harm outside the domain of a products liability action, such as the breach of a duty arising independently of the manufacturer's duty to provide a non-defective product. *Worrell v. Elliott & Frantz*, 799 F. Supp. 2d 343, 351 (D.N.J. 2011). Because Plaintiffs' claims fall squarely within the definition of a traditional products

claim, and traditional products claims are subsumed by the PLA, Plaintiffs' common-law negligence claims are subsumed by the PLA. Therefore, the Court will dismiss Plaintiffs' common-law negligence claims.

As to Defendants' second argument, the Court agrees that Plaintiffs have failed to state a claim under the PLA for either a design defect or failure to warn. The elements for proving a product defect are essentially the same for both a design defect and a failure to warn claim. *See Zaza v. Marquess & Nell, Inc.*, 675 A.2d 620, 627-28 (N.J. 1996); *Mathews v. Univ. Loft Co.*, 903 A.2d 1120, 1128 (N.J. Super. Ct. App. Div. 2006). A plaintiff must prove: (1) the product was defective; (2) the defect existed when the product left the hands of the defendant; (3) the defect proximately caused injuries to the plaintiff; and (4) the injured plaintiff was a reasonably foreseeable user. *Myrlak v. Port Auth. of New York & New Jersey*, 723 A.2d 45, 52 (N.J. 1999). In cases involving design defect claims, the plaintiff must show specifically that the product "is not reasonably fit, suitable and safe for its intended or reasonably foreseeable purposes." *Jurado v. W. Gear Works*, 619 A.2d 1312, 1317 (1993) (citation omitted). In a failure to warn case, the duty to warn is premised on the notion that a product is defective absent an adequate warning for foreseeable users that "the product can potentially cause injury." *Clark v. Safety–Kleen Corp.,* 845 A.2d 587, 598 (N.J. 2004) (quoting *Coffman v. Keene Corp.,* 628 A.2d 710, 716 (N.J. 1993)).

Viewing Plaintiffs' allegations in the light most favorable to them, Plaintiffs nonetheless fail to plead essential elements of their product liability claims. Plaintiffs state that "the subject Blitz five-gallon gas container used by plaintiff, Joseph Boldman, on January 1, 2014, was not reasonably fit, suitable or safe for its intended purposes at the time Wal-Mart sold the Blitz canister." (Compl. ¶ 17, ECF No. 1). However, at no point do Plaintiffs identify the gasoline

can's intended purpose, or any reasonably foreseeable purpose, which is one of the required elements of a products liability claim. The closest Plaintiffs come to identifying an intended purpose is when they assert that Wal-Mart assured shoppers that "the Blitz cans were fit, suitable, and safe to hold and use with gasoline." (Compl. ¶ 5). However, Plaintiffs fail to fully connect the dots of Wal-Mart's alleged assurance with an intended purpose, making it difficult for Defendants to make a counterargument. Moreover, this purported intended use does not parallel the use Plaintiffs made of the gasoline can, in that they allegedly used the gasoline can not merely to hold gasoline, but also to start a campfire. In the absence of factual allegations about the can's intended purpose, the Court must disregard this paragraph of the Complaint as a conclusory legal allegation. The Complaint also fails to allege that Mr. Boldman was a reasonably foreseeable user of the gasoline can, another required element. As to Plaintiffs' claim of inadequate warning, Plaintiffs do not allege what warnings were provided with the gasoline can, if any, and why they were inadequate. In the absence of these factual allegations, the Court cannot construe the Complaint as stating a claim for failure to warn. Finally, the Complaint is lacking in specificity as to the date of the gasoline can purchase.

     Given these defects, the Court must dismiss Plaintiffs' claims under the PLA for failure to state a claim. Because the Court will dismiss both the common-law claims and the claims under the PLA, no claims remain, and the entire Complaint must be dismissed. However, the Court will dismiss the Complaint without prejudice, and Plaintiffs will be granted leave to amend.

## CONCLUSION

For the reasons above, Defendants' Motion to Dismiss will be granted, and the Complaint will be dismissed without prejudice. Plaintiffs will be granted leave to amend the Complaint within thirty days. A corresponding Order follows.

*/s/ Anne E. Thompson*
Anne E. Thompson, U.S.D.J.
