NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH J. BOLDMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC., et al.,<br><br>Defendants. | Civ. No. 16-0004<br><br>**OPINION** |

THOMPSON, U.S.D.J.

        This matter comes before the Court upon the motion of Defendants Wal-Mart Stores,

Inc., Wal-Mart Stores, East, LP, and Wal-Mart Stores, East, Inc. (collectively "Wal-Mart" or

"Defendants") to dismiss the amended complaint of Plaintiffs Joseph and Laura Boldman

("Plaintiffs").  (ECF No. 18).  Defendants move to dismiss the amended complaint on the basis

of Federal Rules of Civil Procedure 8(a) and 12(b)(6).  (*Id.*).  Plaintiffs oppose.  (ECF No. 20).

The Court has issued the opinion below based upon the written submissions of the parties and

without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons stated

herein, Defendants' motion to dismiss will be granted.

### BACKGROUND

        Plaintiffs' allegations are as follows: on January 1, 2014, Plaintiffs were visiting Mr.

Boldman's grandparents in Aberdeen Township, New Jersey.  The family planned to enjoy a

New Year's Day campfire, and so Mr. Boldman attempted to start a fire using a five-gallon

portable gasoline can.  Suddenly, the gasoline can exploded, injuring Mr. Boldman.  As a result

of the accident, Mr. Boldman suffered third-degree burns to approximately forty percent of his

body, resulting in extensive skin graft operations, prolonged hospitalization, rehabilitation,

disfigurement, physical pain, loss of sensation, emotional suffering, and substantial medical expenses and economic losses. Mrs. Boldman observed the accident and has suffered emotional distress, loss of consortium, and loss of enjoyment of life as a result.

The gasoline can was manufactured by Blitz, U.S.A. Inc., a now-defunct company that has no attachable assets and has been adjudicated bankrupt. However, the gasoline canister was sold to Mr. Boldman's grandfather by Wal-Mart in October 2012. Plaintiffs have therefore brought product liability claims against Wal-Mart as the seller of the can. Plaintiffs allege failure to warn and design defects under the New Jersey Products Liability Act. Plaintiffs also assert claims for negligent infliction of emotional distress under *Portee v. Jaffee*, 417 A.2d 521 (N.J. 1980), and per quod, a claim also known as loss of consortium. Plaintiffs assert that the gasoline can was not safe because it did not have a safety device known as a flame arrestor. Plaintiffs further allege that Wal-Mart knew that these gasoline cans had a propensity to explode but rejected proposed design changes and neglected to add adequate safety warnings.

On November 17, 2015, Plaintiffs filed their product liability action against Wal-Mart in the Superior Court of New Jersey. On January 4, 2016, Defendants removed the case to federal court. Then, on January 11, 2016, Defendants filed a motion to dismiss the complaint. On February 11, 2016, the Court granted Defendants' motion and dismissed the complaint without prejudice. Plaintiffs filed an amended complaint on March 9, 2016. Defendants then filed a motion to dismiss Plaintiffs' amended complaint on March 28, 2016. This motion is presently before the Court.

DISCUSSION

A.  Legal Standards

    *1.  Federal Rule of Civil Procedure 8(a)*

The adequacy of pleadings is governed by Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief."  This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief").  Even though a plaintiff is not required to plead his claims with intricate detail, Rule 8 requires the plaintiff to provide "some specificity."  *Hunter Roberts Const. Grp., LLC v. J. Rihl, Inc.*, No. 12-7751, 2013 WL 3445331, at *3 (D.N.J. July 9, 2013) (citing *Twombly,* 550 U.S. at 558).

    *2.  Federal Rule of Civil Procedure 12(b)(6)*

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  The defendant bears the burden of showing that no claim has been presented.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis.  *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)).  Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff.  *Fowler*

3

*v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  The court may disregard any conclusory legal allegations.  *Id*.  Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'"  *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679).  Such a claim requires more than mere allegation of an entitlement to relief or demonstration of the "mere possibility of misconduct;" instead, the facts must allow a court to reasonably infer "that the defendant is liable for the misconduct alleged."  *Id*. at 210, 211 (quoting *Iqbal*, 556 U.S. at 678-79).

B.  Analysis

Plaintiffs assert four causes of action: design defect, failure to warn, negligent infliction of emotional distress under *Portee*, and per quod.[1]  Defendants argue that the common-law claims under *Portee* and per quod should be dismissed because they are subsumed by Plaintiffs' design defect and failure to warn claims under the New Jersey Products Liability Act ("PLA").  Defendants also argue that Plaintiffs' claims under the PLA should be dismissed because Plaintiffs fail to state a claim.  The Court will address each argument in turn.

As to Defendants' first argument, the Court agrees that Plaintiffs' *Portee* and per quod claims are subsumed by their claims under the PLA.  In New Jersey, "any claim or action brought by a claimant for harm caused by a product, irrespective of the theory underlying the claim, except actions for harm caused by breach of an express warranty" is subsumed by the PLA.  N.J. Stat. Ann. § 2A:58C-1(b)(3); *In re Lead Paint Litigation,* 924 A.2d 484, 503 (N.J.

---

[1] Plaintiffs also include counts for punitive damages (Count III) and fictitious parties (Count V). Punitive damages are a remedy available for certain causes of action and not an independent substantive cause of action.  *Hassoun v. Cimmino,* 126 F. Supp. 2d 353, 372 (D.N.J. 2000).  The count for fictitious parties serves only to identify the fictitious parties added to the amended complaint and does not assert any additional causes of action.  Because neither count includes a cause of action, the Court will not address these counts further.

2007) (noting that "the PLA is both expansive and inclusive, encompassing virtually all possible causes of action relating to harms caused by consumer and other products"). The PLA provides:

> A manufacturer or seller of a product shall be liable in a product liability action only if the claimant proves by a preponderance of the evidence that the product causing the harm was not reasonably fit, suitable or safe for its intended purpose because it: a. deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or b. failed to contain adequate warnings or instructions, or c. was designed in a defective manner.

N.J. Stat. Ann. § 2A:58C-2. The New Jersey Legislature enacted the PLA to establish clear rules with respect to actions for damages for harm caused by products. N.J. Stat. Ann. § 2A:58C-1(a). Therefore, if a claim falls within the scope of the PLA, that claim may only be pursued under the PLA. *See Green v. Gen. Motors Corp.*, 709 A.2d 205, 209 (N.J. Super. Ct. App. Div. 1998) ("Under the [PLA] . . . the causes of action for negligence, strict liability and implied warranty have been consolidated into a single product liability cause of action, the essence of which is strict liability.").

Plaintiffs' claims for negligent infliction of emotional distress under *Portee* and per quod are subsumed by the PLA. To explain why, the Court refers back to its opinion granting Defendants' motion to dismiss the original complaint. In evaluating Plaintiffs' original complaint, the Court found that Plaintiffs' common-law claims for negligent infliction of emotional distress, loss of consortium, and loss of enjoyment of life (Count III) were subsumed by Plaintiffs' products liability claims. *Boldman v. Wal-Mart Stores, Inc.*, No. 16-0004, 2016 WL 589683, at *3 (D.N.J. Feb. 11, 2016). The Court held that these claims involved "harm caused by a product" and did not involve harm caused by the breach of an express warranty, and thus fell under the scope of the PLA. *Id.*

In the amended complaint, Plaintiffs recharacterize these claims as claims under *Portee* (Count IV) and per quod (Count VI).  (*See* Am. Compl. ¶¶ 163-74, 186-87, ECF No. 17). However, the claims remain essentially the same.  A *Portee* claim is a type of claim for negligent infliction of emotional distress.  *See, e.g.*, *Jablonowska v. Suther*, 948 A.2d 610, 617 (N.J. 2008); *Gupta v. Asha Enterprises, L.L.C.*, 27 A.3d 953, 962 (N.J. Super. Ct. App. Div. 2011).  And loss of consortium is another term for a per quod claim.  *See, e.g.*, *Kibble v. Weeks Dredging & Constr. Co.,* 735 A.2d 1142, 1149 (N.J. 1999); *Murphy v. Implicito,* 920 A.2d 678, 692 (N.J. Super. Ct. App. Div. 2007).  Given that the claims remain essentially the same, and involve harm caused by a product, the recharacterized claims must be subsumed by the PLA, as the initial claims were.  *See Williams v. Murray, Inc.*, No. 12-2122, 2014 WL 3783878, at *4 (D.N.J. July 31, 2014), *recons. granted in part on other grounds*, No. 12-2122, 2015 WL 5023073 (D.N.J. Aug. 24, 2015) (finding that loss of consortium claim is subsumed by the PLA); *Simons v. Goodyear Dunlop Tires N. Am., Ltd.*, No. 10-4979, 2010 WL 5392877, at *1 (D.N.J. Dec. 22, 2010) (finding that negligent infliction of emotional distress claim is subsumed by the PLA).

Plaintiffs argue that these claims are not separate causes of action, but rather, components of recoverable damages that are derivative of their other claims under the PLA.  (Pls.' Br. 32-33, ECF No. 20).  The Court does not find this logic persuasive.  Plaintiffs plead these claims as separate counts in the amended complaint, and typically, claims for negligent infliction of emotional distress and loss of consortium are considered derivative of an underlying negligence claim.  *See Hottenstein v. City of Sea Isle City*, No. 11-740, 2011 WL 2559523, at *4 (D.N.J. June 27, 2011); *Abramson v. Ritz-Carlton Hotel Co., LLC*, No. 09-3264, 2011 WL 2149454, at *5 (D.N.J. May 31, 2011), *aff'd sub nom. Abramson v. Ritz Carlton Hotel Co., LLC*, 480 F. App'x 158 (3d Cir. 2012).  However, the Court agrees that if Plaintiffs were to prevail on their

other claims under the PLA, damages for such harms might be part of the available remedy.  But for the reasons discussed below, Plaintiffs' claims under the PLA will also be dismissed, so this issue need not be resolved at this time.

As to Defendants' second argument, the Court agrees that Plaintiffs have failed to state a claim under the PLA for either a design defect or failure to warn.  The elements for proving a product defect under either theory are essentially the same.  *See Zaza v. Marquess & Nell, Inc.*, 675 A.2d 620, 627-28 (N.J. 1996); *Mathews v. Univ. Loft Co.*, 903 A.2d 1120, 1128 (N.J. Super. Ct. App. Div. 2006).  A plaintiff must prove: (1) the product was defective; (2) the defect existed when the product left the hands of the defendant; (3) the defect proximately caused injuries to the plaintiff; and (4) the injured plaintiff was a reasonably foreseeable user.  *Myrlak v. Port Auth. of New York & New Jersey*, 723 A.2d 45, 52 (N.J. 1999).  In cases involving design defect claims, the plaintiff must show specifically that the product "is not reasonably fit, suitable and safe for its intended or reasonably foreseeable purposes."  *Jurado v. W. Gear Works*, 619 A.2d 1312, 1317 (1993) (citation omitted).  In a failure to warn case, the duty to warn is premised on the notion that a product is defective absent an adequate warning for foreseeable users that "the product can potentially cause injury."  *Clark v. Safety–Kleen Corp.,* 845 A.2d 587, 598 (N.J. 2004) (quoting *Coffman v. Keene Corp.,* 628 A.2d 710, 716 (N.J. 1993)).

When the Court dismissed Plaintiffs' original complaint, the Court noted that Plaintiffs failed to identify the gasoline can's intended purpose, or any reasonably foreseeable purpose.  *Boldman*, 2016 WL 589683, at *3.  The Court also noted that Plaintiffs failed to allege that Mr. Boldman was a reasonably foreseeable user of the gasoline can, and that Plaintiffs provided inadequate information about the warnings on the can.  *Id.*  In the amended complaint, Plaintiffs provide additional information about the gasoline can's intended purpose and the warnings

7

provided with the can.  However, Plaintiffs do not allege that Mr. Boldman was a reasonably

foreseeable user.  Plaintiffs' attempt to cure this factual deficiency in their opposition to

Defendant's motion to dismiss, (*see* Pls.' Br. 28, 29, ECF No. 20), does not cure the problem.

*See Colony Ins. Co. v. Kwasnik, Kanowitz & Associates, P.C.*, 288 F.R.D. 340, 344 (D.N.J.

2012) (stating that insufficiencies in a plaintiff's claim as pled cannot be cured by a brief or other

documents submitted in opposition to a motion to dismiss).[2]  Given the caselaw stating that this

is an essential element, and this Court's clear prior guidance on the matter, the Court must

dismiss Plaintiffs' claims under the PLA.  The claims will be dismissed without prejudice.

CONCLUSION

For the reasons above, Defendants' motion to dismiss will be granted without prejudice.

A corresponding order follows.


*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

**Dated:** May 3, 2016

---

[2] Plaintiffs also suggest that the amended complaint cannot be dismissed "unless it appears **beyond doubt** that the plaintiff can prove no set of facts in support of his claim."  (Pls.' Br. 18-19, ECF No. 20) (citing *Fellner v. Tri-Union Seafoods, L.L.C.*, No. 06-0688, 2010 WL 1490927, at *2 (D.N.J. Apr. 13, 2010)).  Plaintiffs misstate the standard under *Fellner* and *Twombly*.  *See Fellner*, 2010 WL 1490927, at *2 (noting that in *Twombly*, "the Court 'retired' the language contained in *Conley v. Gibson,* 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief.'").