NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH J. BOLDMAN and LAURA A. BOLDMAN,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC., WAL-MART STORES, EAST, LP, and WAL-MART STORES, EAST, INC.,<br><br>Defendants. | Civ. No. 16-4<br><br>**OPINION** |

THOMPSON, U.S.D.J.

This matter comes before the Court upon the motion of Defendants Wal-Mart Stores, Inc., Wal-Mart Stores, East, LP, and Wal-Mart Stores, East, Inc. (collectively "Wal-Mart" or "Defendants") to dismiss the second amended complaint of Plaintiffs Joseph and Laura Boldman ("Plaintiffs").  (ECF No. 34).  Plaintiffs oppose, and file cross-motions for relief under Federal Rules of Civil Procedure 15(a) and 60, as well as Federal Rule of Appellate Procedure 4.  (ECF No. 36).  The Court has issued the opinion below based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons stated herein, Defendants' motion to dismiss will be denied, and Plaintiffs' motion to amend the complaint will be granted.

BACKGROUND

As the Court writes primarily for the benefit of the parties, the Court will only recount the facts relevant to this motion.  Plaintiffs' allegations are as follows: on January 1, 2014, Plaintiffs were visiting Mr. Boldman's grandparents in Aberdeen Township, New Jersey.  Mr. Boldman

attempted to start a fire using a five-gallon portable gasoline can that his grandfather had purchased from Wal-Mart in October 2012.  When Mr. Boldman attempted to start a fire using the gasoline can, the gasoline can exploded, causing him serious injuries.  Mr. Boldman and his wife have therefore brought product liability claims against Wal-Mart as the seller of the can.

On November 17, 2015, Plaintiffs filed suit against Wal-Mart in the Superior Court of New Jersey.  Defendants removed the case to federal court on January 4, 2016.  Then, on January 11, 2016, Defendants filed a motion to dismiss the complaint.  On February 11, 2016, the Court granted Defendants' motion and dismissed the complaint without prejudice, but gave Plaintiffs leave to amend the complaint within thirty days.

Plaintiffs filed an amended complaint on March 9, 2016.  Defendants then filed a motion to dismiss Plaintiffs' amended complaint on March 28, 2016.  The Court granted Defendants' motion on May 3, 2016, again dismissing the complaint without prejudice.  However, the Court did not grant Plaintiffs leave to amend the complaint.  On May 26, 2016, Plaintiffs attempted to file a second amended complaint without leave from the Court.  Defendants therefore filed another motion to dismiss on June 8, 2016.  In response to this motion, Plaintiffs have also filed cross-motions for relief under Federal Rules of Civil Procedure 15(a) and 60, as well as Federal Rule of Appellate Procedure 4.  These motions are presently before the Court.

## DISCUSSION

Defendants seek to dismiss Plaintiffs' complaint on the grounds that Plaintiffs filed a second amended complaint without being granted leave to amend by the Court.  Defendants assert that this was improper under Federal Rule of Civil Procedure 15(a).  Defendants also assert that Plaintiffs are now barred from filing a second amended complaint because the case is closed and the statute of limitations has run.

Under Rule 15(a), a party may amend a pleading once as a matter of course early in the case. After that, a party may only amend its pleading with the opposing party's written consent or the Court's leave. *Id.* However, "[t]he court should freely give leave when justice so requires." *Id.* at (2). Plaintiffs acknowledge that they filed the second amended complaint without leave from the Court, but argue that the omission of a grant of leave to amend was an oversight by this Court, and that they should now be permitted to amend their complaint under Rule 15(a). In the alternative, Plaintiffs request relief from judgment under Federal Rules of Civil Procedure 60(a) or (b), or an extension of time to file an appeal under Federal Rule of Appellate Procedure 4.

Under Third Circuit precedent, "an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action. Only if the plaintiff cannot amend or declares his intention to stand on his complaint does the order become final and appealable." *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976) (citations omitted); *see also Ahmed v. Dragovich*, 297 F.3d 201, 207 (3d Cir. 2002); *In re Flanagan*, 999 F.2d 753, 755 (3d Cir. 1993). Consequently, courts have held that motions for leave to amend should be routinely granted to plaintiffs, even after judgments of dismissal have been entered against them, if the appropriate standard for leave to amend under Rule 15(a) is satisfied. *Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*, 907 F.2d 1408, 1416-17 (3d Cir. 1990). Under Rule 15(a), leave to amend should generally be freely granted in the absence of undue delay, bad faith, prejudice, or futility. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 230 (3d Cir. 2011).

The Court agrees that the filing of the second amended complaint without leave to amend was procedurally improper.[1] However, under the Third Circuit precedent discussed above, Plaintiffs would ordinarily still be eligible to file for leave to amend the complaint. But Defendants argue that this precedent does not apply, as the statute of limitations for Plaintiffs' claims have run and they therefore cannot amend the complaint.

The parties agree that the applicable statute of limitations for Plaintiffs' product liability claims is two years. Plaintiffs' alleged injury took place on January 1, 2014. Consequently, absent any tolling, the statute of limitations for their claims had run on January 1, 2016. Under federal law, "a statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice, as the original complaint is treated as if it never existed." *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005) (citation omitted). However, Plaintiffs' action is in this Court under diversity jurisdiction, under the substantive laws of New Jersey. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Statutes of limitations are characterized as substantive law for purposes of the *Erie* doctrine, *In re TMI*, 89 F.3d 1106, 1121 (3d Cir. 1996), and when applying a state limitations period, federal courts also generally use state tolling principles, *Knopick v. Connelly*, 639 F.3d 600, 606 (3d Cir. 2011). Therefore, the tolling principles of New Jersey law, and not federal law, apply to this case.

Plaintiffs argue that the two-year statute of limitations was tolled by New Jersey's principles of substantial compliance or equitable tolling. Courts invoke the doctrine of substantial compliance to "avoid technical defeats of valid claims." *Alan J. Cornblatt, P.A. v.*

---

[1] Defendants also argued that Plaintiffs were barred from amending their complaint because the Court denied leave to amend in the prior opinion. The Court did not deny leave to amend, but rather did not address it, on the expectation that Plaintiffs would file for leave to amend if they wished to file a second amended complaint.

*Barow*, 708 A.2d 401, 411 (N.J. 1998) (citation omitted).  To prove substantial compliance, a party must show: (1) lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of the petitioner's claim; and (5) a reasonable explanation why there was not a strict compliance with the statute.  *Negron v. Llarena*, 716 A.2d 1158, 1163 (N.J. 1998).

      The Court agrees that Plaintiffs have substantially complied with the statute of limitations.  Plaintiffs gave Defendants reasonable notice of their claims in the original complaint and subsequent amended complaint, to which the second amended complaint relates back.  As such, they also generally complied with the purpose of the statute, which is to provide defendants with notice of claims brought against them in a timely manner.  Defendants should not be prejudiced given the brief period between the date the case was dismissed and the date Plaintiffs attempted to file their second amended complaint.  Plaintiffs attempted to comply with the statute by filing their initial complaint within the statute of limitations, and by attempting to file their second amended complaint in a timely manner after the dismissal without prejudice.  And Plaintiffs explain that their failure to comply strictly with the statute was reasonable because they followed the doctrine enunciated by the Third Circuit and New Jersey courts regarding the finality of dismissals without prejudice and the tolling rules.  Finally, the Court notes that granting Defendants' motion to dismiss would result in an overly harsh outcome not in line with New Jersey courts' goal of avoiding technical defeats of valid claims, as well as the Court's prior ruling of dismissal without prejudice.

      Because the Court finds that Plaintiffs substantially complied with the statute of limitations, the statute was tolled by the filing of Plaintiffs' initial complaint notwithstanding the May 3, 2016 dismissal without prejudice.  This also means that the attempted filing of Plaintiffs'

5

second amended complaint fell within the statute of limitations.  Given this finding, the Court's May 3, 2016 dismissal without prejudice was not a final, appealable order.  Plaintiffs are therefore eligible to move for leave to amend under Rule 15(a).

Under Rule 15(a), leave to amend should be freely given in the absence of undue delay, bad faith, prejudice, or futility.  *Burtch*, 662 F.3d at 230.  Plaintiffs filed their second amended complaint within three weeks of the dismissal, so there was no undue delay.  The amendments do not appear to be in bad faith or futile, as they merely address the issues raised by the Court in its prior opinion.  And as Plaintiffs show, there is no indication that Defendants will suffer any prejudice if Plaintiffs are allowed to file an amended complaint.  Therefore, Plaintiffs' motion for leave to amend will be granted, and the second amended complaint will be filed with the Court.  Plaintiffs' alternative requests for relief will be denied as moot.  Finally, Defendants' motion to dismiss will be denied.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss will be denied.  The case will be reopened, Plaintiffs' cross-motion for leave to amend under Rule 15(a) will be granted, and the second amended complaint will be filed with the Court.  Plaintiffs' requests for relief in the alternative will be denied as moot.  A corresponding order follows.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

**Dated:** August 17, 2016