RECEIVED

SEP 13 2016

AT 8:30_____M
WILLIAM T. WALSH
         CLERK

NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPH J. BOLDMAN and LAURA A. BOLDMAN, <br><br> Plaintiffs, <br><br> v. <br><br> WAL-MART STORES, INC., WAL-MART STORES, EAST, LP, and WAL-MART STORES, EAST, INC., <br><br> Defendants. | Civ. Nos. 16-4, 16-4185 <br><br> **MEMORANDUM ORDER** |

THOMPSON, U.S.D.J.

On November 17, 2015, Plaintiffs Joseph and Laura Boldman ("Plaintiffs") filed a product liability action against Defendants Wal-Mart Stores, Inc., Wal-Mart Stores, East, LP, and Wal-Mart Stores, East, Inc. ("Defendants") in the Superior Court of New Jersey ("*Boldman I*") (Case No. MON-L-15-4273). The action was based on injuries Mr. Boldman sustained while using a gasoline can purchased from Defendants' store. Mr. Boldman had used the gasoline can on January 1, 2014 to start a fire, which resulted in an explosion.

Defendants removed the case to federal court on January 4, 2016. (ECF No. 1, Case No. 16-4). Defendants then filed a motion to dismiss, and on February 10, 2016, the Court granted Defendants' motion, dismissing the complaint without prejudice and granting Plaintiffs leave to amend the complaint within thirty days. (ECF Nos. 5, 15, Case No. 16-4). Plaintiffs filed an amended complaint on March 9, 2016. (ECF No. 17, Case No. 16-4). Defendants then filed another motion to dismiss, which was granted on May 3, 2016. (ECF Nos. 18, 31, Case No. 16-4). Although the case was again dismissed without prejudice, the Court did not grant Plaintiffs

1

leave to amend the complaint. (*See id.*). On May 25, 2016, Plaintiffs attempted to file a second amended complaint without leave from the Court. (ECF No. 33, Case No. 16-4). Defendants therefore filed another motion to dismiss on June 8, 2016. (ECF No. 34, Case No. 16-4).

Plaintiffs opposed the motion to dismiss, but simultaneously filed a second product liability action based on the same set of facts in the Superior Court of New Jersey ("*Boldman II*") (Case No. MID-L3488-16). Defendants removed *Boldman II* to this Court on July 11, 2016. (ECF No. 1, Case No. 16-4185). On August 12, 2016, Defendants moved to dismiss Plaintiffs' complaint in *Boldman II*. (ECF No. 10, Case No. 16-4185). At the same time, Defendants moved to consolidate *Boldman I* with *Boldman II*. (ECF No. 40, Case No. 16-4). On August 17, 2016, after Defendants filed these two motions, the Court denied Defendants' motion to dismiss the second amended complaint in *Boldman I* and granted Plaintiffs' motion for leave to file the second amended complaint. (ECF No. 41, Case No. 16-4).

Now, Defendants' motion to consolidate *Boldman I* and *Boldman II* and their motion to dismiss *Boldman II* are before the Court. (ECF No. 10, Case No. 16-4185; ECF No. 40, Case No. 16-4). Plaintiffs have not filed opposition to Defendants' motions. The Court will discuss each motion in turn.

1. Motion to Dismiss

First, Defendants move to dismiss *Boldman II* (Case No. 16-4185) "for the reasons not only set forth in Defendants' briefing on the pending Motion to Dismiss, but also for those set forth in the Orders previously entered by this Court related to the other *Boldman* action." (Defs.' Br. 3-4, ECF No. 10, Case No. 16-4185). Although Defendants' briefing requires the Court to read between the lines, the Court understands that Defendants are arguing that (1) Plaintiffs' entire complaint should be dismissed because the action was filed outside of the applicable

2

statute of limitations; and (2) Plaintiffs' common-law claims should be dismissed as subsumed by their product liability claims under the New Jersey Product Liability Act (PLA).

The Court addressed Defendants' first argument in its August 17, 2016 opinion and order in *Boldman I*. (ECF No. 41, Case No. 16-4). The Court found that Plaintiffs substantially complied with the statute of limitations, principally because Plaintiffs gave Defendants reasonable notice of their claims in the original complaint, which was filed within the statute of limitations. (*Id.* at 5-6). For the same reasons, the Court finds that Plaintiffs' complaint in *Boldman II* substantially complied with the statute of limitations. Consequently, Defendants' motion to dismiss will not be granted on the grounds that the filing of the complaint fell outside the statute of limitations.

As for Defendants' second argument, the Court finds that Plaintiffs' common-law claims in *Boldman II* are subsumed by their claims under the PLA. As the Court found in its prior opinions in *Boldman I*, Plaintiffs' common-law negligence claims involve "harm caused by a product" and do not involve harm caused by the breach of an express warranty, and thus fall under the scope of the PLA. (Op. 5, ECF No. 31, Case No. 16-4; Op. 5-6, ECF No. 15, Case No. 16-4) (citing N.J. Stat. Ann. § 2A:58C-1(b)(3); *In re Lead Paint Litigation*, 924 A.2d 484, 503 (N.J. 2007); *Green v. Gen. Motors Corp*, 709 A.2d 205, 209 (N.J. Super. Ct. App. Div. 1998)). Consequently, the claims are subsumed by the PLA. (*Id.*). Plaintiffs bring the same common-law negligence claims in *Boldman II* as in their original action. (Compare Compl. 4, 6, 8, ECF No. 1, Case No. 16-4, *with* Compl. 4, 6, 8, ECF No. 1, Case No. 16-4185). Therefore, for the same reasons discussed in the prior opinions, Plaintiffs' common-law negligence claims in *Boldman II* will be dismissed with prejudice.

2.  Motion to Consolidate

Second, Defendants move to consolidate *Boldman I* and *Boldman II* (Case Nos. 16-4 and 16-4185). Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Here, both actions involve product liability claims based on the injuries Mr. Boldman sustained in the January 1, 2014 gasoline can explosion. Both actions are based on the same set of facts. Moreover, both actions involve the same questions of law, as Plaintiffs make the same claims against Defendants in both actions under the PLA. The sole difference between the actions is that in *Boldman II* (Case No. 16-4185), Plaintiffs include additional common-law claims that this Court previously dismissed in *Boldman I* (Case No. 16-4). (*See* Op. 5-7, ECF No. 31; Op. 4-6, ECF No. 15). Given that both actions involve the same questions of law and fact, consolidating the actions will avoid unnecessary cost and delay. Consequently, *Boldman I* and *Boldman II* (Case Nos. 16-4 and 16-4185) will be consolidated for all purposes. Therefore,

IT IS, on this ___5___ day of September, 2016,

ORDERED that Defendants' motion to dismiss Plaintiffs' complaint in *Boldman II* (ECF No. 10, 16-4185) will be GRANTED IN PART and DENIED IN PART: the motion will be GRANTED as to Plaintiffs' common-law negligence claims, which will be dismissed with prejudice, and DENIED as to all other claims; and it is further

ORDERED that Defendants' motion to consolidate the above-captioned matters (ECF No. 40, Case No. 16-4) will be GRANTED, and the above-captioned matters shall be consolidated pursuant to Federal Rule of Civil Procedure 42(a) for all purposes, subject to de-

4

consolidation if warranted, and that *Boldman I* (Case No. No. 16-4) shall be designated the "Lead Case;" and it is further

ORDERED that all future filings in the consolidated matters shall be filed under the docket of the Lead Case; and it is further

ORDERED that the Clerk of the Court shall docket this Order in each of the two individual actions; and it is further

ORDERED that the Clerk of the Court shall administratively terminate *Boldman II* (Case No. 16-4185); and it is further

ORDERED that the Clerk of the Court shall identify on the docket of each individual action the Lead Case and the member case.

_____
ANNE E. THOMPSON, U.S.D.J.