NOT FOR PUBLICATION

RECEIVED
SEP 20 2016
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSEPH J. BOLDMAN and LAURA A. BOLDMAN,

Plaintiffs,

v.

WAL-MART STORES, INC., WAL-MART STORES, EAST, LP, and WAL-MART STORES, EAST, INC.,

Defendants.

Civ. No. 16-4
Civ. No. 16-4185
(Consolidated)

OPINION

THOMPSON, U.S.D.J.

This matter comes before the Court upon the motion of Plaintiffs Joseph and Laura Boldman ("Plaintiffs") to remand their case to the Superior Court of New Jersey, Law Division, Middlesex County. (ECF No. 9, Civ. No. 16-4185). Defendants Wal-Mart Stores, Inc., Wal-Mart Stores, East, LP, and Wal-Mart Stores, East, Inc. (collectively "Wal-Mart" or "Defendants") oppose. (ECF No. 12, Civ. No. 16-4185). The Court has issued the opinion below based upon the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Plaintiffs' motion to remand will be denied.

BACKGROUND

Given the extensive proceedings in this matter, the Court will recount here only those facts necessary to the present motion. On November 17, 2015, Plaintiffs filed a product liability action against Defendants in the Superior Court of New Jersey ("*Boldman I*"). The action was based on injuries Mr. Boldman sustained while using a gasoline can purchased from Defendants'

1

store. Mr. Boldman had used the gasoline can on January 1, 2014 to start a fire, which resulted in an explosion. Mr. Boldman alleged third-degree burns to approximately forty percent of his body, resulting in extensive skin graft operations, prolonged hospitalization, rehabilitation, disfigurement, physical pain, loss of sensation, emotional suffering, and substantial medical expenses and economic losses. Mrs. Boldman alleged that she observed the accident and suffered emotional distress, loss of consortium, and loss of enjoyment of life.

Defendants removed the case to federal court on January 4, 2016. (ECF No. 1, Civ. No. 16-4). Defendants then filed a motion to dismiss, and on February 10, 2016, the Court granted Defendants' motion, dismissing the complaint without prejudice and granting Plaintiffs leave to amend the complaint within thirty days. Plaintiffs filed an amended complaint on March 9, 2016. Defendants filed another motion to dismiss, which was granted on May 3, 2016. Although the case was again dismissed without prejudice, the Court did not grant Plaintiffs leave to amend the complaint. On May 26, 2016, Plaintiffs attempted to file a second amended complaint without leave from the Court. Defendants therefore filed another motion to dismiss on June 8, 2016.

Plaintiffs opposed the motion to dismiss, but simultaneously filed a second product liability action based on the same set of facts in the Superior Court of New Jersey ("*Boldman II*"). Defendants removed *Boldman II* to this Court on July 11, 2016, alleging diversity jurisdiction. (ECF No. 1, Civ. No. 16-4185). Defendants claimed that Plaintiffs are residents of New Jersey and Defendants are wholly owned by Wal-Mart Stores, Inc., a Delaware corporation with its principal place of business in Arkansas; thus, there is complete diversity. Furthermore, Defendants claimed that Mr. Boldman's medical treatment alone would significantly exceed the

$75,000 jurisdictional threshold. Thus, Defendants argued, the requirements of diversity jurisdiction are satisfied.

The Court denied Defendants' motion to dismiss *Boldman I* on August 17, 2016, reopened the case, and allowed Plaintiffs to file their second amended complaint. (ECF No. 42, Civ. No. 16-4). Then, on September 6 and September 13, 2016, the Court consolidated *Boldman I* and *Boldman II* and denied the pending motion to dismiss *Boldman II*. (ECF Nos. 45, 46, Civ. No. 16-4; ECF Nos. 13, 14, Civ. No. 16-4185). Plaintiffs' motion to remand *Boldman II* is presently before the Court. (ECF No. 9, Civ. No. 16-4185).

## DISCUSSION

### A. Legal Standard

An order consolidating cases does not dismiss or render moot a motion to remand one of the cases. A court may conduct pretrial proceedings in phases, including dispositive motions, as it sees fit. Federal Rules of Civil Procedure Commentary, Phased pretrial.

A defendant may remove a civil action filed in state court to the federal court where the action might originally have been brought. 28 U.S.C. §§ 1441(a), (b). However, the federal court to which the action is removed must have subject matter jurisdiction. 28 U.S.C. § 1441(b). Federal district courts have subject matter jurisdiction over civil actions that involve a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Federal-question jurisdiction exists when the action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists when the action arises between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be

3

remanded to state court. 28 U.S.C. § 1447(c). The party that removed the case bears the burden of establishing federal jurisdiction. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

"[F]ederal courts have a 'virtually unflagging obligation ... to exercise the jurisdiction given them.'" *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (quoting *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 821 (1976)). Courts may only abstain from exercising jurisdiction in "'exceptional circumstances,' where denying a federal forum would clearly serve an important countervailing interest." *Id.* (quoting *Colorado River*, 424 U.S. at 813, 817). Such important countervailing interests include "proper constitutional adjudication, regard for federal-state relations, or wise judicial administration." *Id.* (internal citations omitted).

The *Burford* doctrine governs the area of federal-state relations. Under the *Burford* doctrine, abstention may be appropriate where (1) there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the results in the case at bar;" and (2) the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 361 (1989) (quoting *Colorado River*, 424 U.S. at 814); *Nat'l City Mortg. Co. v. Stephen*, 647 F.3d 78, 83 (3d Cir. 2011)). However, where relevant state law is settled or does not disrupt state efforts to establish coherent policy, abstention is not appropriate. *See e.g. Nat'l City Mortg. Co. v. Stephen*, 647 F.3d 78, 83 (3d Cir. 2011).

B. Analysis

In this case, the Complaint alleges only New Jersey state law claims and does not allege any federal claims. Therefore, no federal question jurisdiction exists.

4

However, parties are completely diverse and the amount in controversy here exceeds $75,000. Thus, the removing party has met its burden for removal; this Court has diversity jurisdiction in this case.

Plaintiffs do not dispute that diversity jurisdiction exists or that removal was timely. (ECF No. 9, Civ. No. 16-4185). Plaintiffs argue, notwithstanding proper removal, the court should abstain from exercising diversity jurisdiction out of "regard for federal-state relations" because there are "novel questions concerning substantive state law"—namely equitable principles of tolling the statute of limitations—and it would be "disruptive of state efforts to establish a coherent policy" for this Court to rule on this issue. (ECF No. 9, Civ. No. 16-4185). However, this Court found already that Plaintiffs' claim was not time-barred when it granted leave to file a second amended complaint (ECF No. 42, Civ. No. 16-4), and Defendants have not challenged that ruling. Thus, Plaintiffs' state law claim is moot and the Court need not reach the question of whether equitable tolling under New Jersey law is a novel area of state law that constitutes "exceptional circumstances" warranting abstention. *Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 173 (3d Cir. 1999) (citing *Colorado River*).

The remaining issues occur under the New Jersey Products Liability Act, which is frequently ruled upon by the federal courts and does not constitute undue interference with the creation of coherent state law. Thus, abstention is not proper in this case.

## CONCLUSION

For the reasons above, Plaintiffs' motion to remand will be denied. A corresponding order follows.

9/20/16

ANNE E. THOMPSON, U.S.D.J.

5